**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD L. CODE and STEVEN E. KROLL, | |
| Plaintiffs, | Case No. 3:19-CV-00728-RCJ-CLB |
| vs. | **ORDER** |
| VAIL RESORTS, INC., | |
| Defendant. | |

Plaintiffs invoke this Court's diversity jurisdiction to bring suit against Defendant alleging state law causes of action. Defendant moves to dismiss under Fed. R. Civ. P. 12(b) arguing a lack of subject-matter and personal jurisdiction. Finding that the case involves less than $75,000 in controversy, the Court does not analyze personal jurisdiction and dismisses the complaint for lack of subject-matter jurisdiction.

**FACTUAL BACKGROUND**

Plaintiffs each purchased a non-refundable "Senior Tahoe Value Pass" from Northstar Ski Resort for the 2019–2020 ski season in response to emails from the resort inviting them to "renew" their 2018–2019 passes. Plaintiffs each made a down payment in April 2019 and paid the remaining balance by September 2019 for a total value of $429. The passes allow them to ski six

days a week. Plaintiffs have been purchasing passes annually and skiing at this resort for decades. Some time in October 2019, Plaintiffs received notice that the heretofore free parking within walking distance of the resort would now be charging $10 per vehicle on weekdays and $20 on weekends. If Plaintiffs use the parking everyday for which their passes allow, they would each pay an additional amount of "more than $2,000" in parking fees. (ECF No. 1 at ¶ 13.)

Following their complaints to the resort, Plaintiffs filed suit in this Court claiming breach of contract and fraud. Plaintiffs each seek $200,000 in compensatory damages based on their "financial loss; anxiety, frustration, anger and other manifestations of emotional distress; deprivation of opportunity to mitigate their damages by going elsewhere; and other injuries and damages," (*id.* at ¶ 29), and punitive damages.

## LEGAL STANDARD

When filing a motion to dismiss under Fed. R. Civ. P. 12(b)(1), a party may attack subject-matter jurisdiction either facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack is analyzed using a standard similar to that used in a Rule 12(b)(6) motion—the Court analyzes jurisdiction from the face of the complaint and accepts all facts alleged as true. *Id.* In the case of a factual attack, the Court may review evidence and make findings of fact regarding jurisdiction without converting the motion into a motion for summary judgment. *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). If a court determines that it lacks subject-matter jurisdiction, then its authority is limited to making that finding and dismissing the claims. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Upon granting a motion to dismiss, a court must then determine whether to allow leave to amend the complaint. Leave to amend should be granted unless "amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990)). That is, dismissal without leave to amend is appropriate

only where "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

## ANALYSIS

Defendant argues that the complaint should be dismissed as this Court has neither subject-matter nor personal jurisdiction over Defendant. The Court agrees that it does not have subject-matter jurisdiction and therefore does not reach the question of personal jurisdiction.

Subject-matter jurisdiction is conferred on a federal court either through the presence of a federal question, 28 U.S.C. § 1331, or through diversity of the parties, 28 U.S.C. § 1332. Diversity exists where no defendant is a citizen of the same state as a plaintiff and "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). Where there are "multiple plaintiffs with separate and distinct claims," each must individually "satisfy the jurisdictional-amount requirement." *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294–95 (1973), *superseded by statute on other grounds as recognized by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). While damages claimed in a complaint are generally accepted, a court must dismiss for lack of subject-matter jurisdiction where "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938).

Plaintiffs' financial losses are woefully inadequate to state an amount in controversy above $75,000, whether they rely on the cost of the pass ($429) or the added cost of parking (around $2,000). Furthermore, the claims for punitive and emotional damages cannot reach the amount-in-controversy requirement.

///

For emotion damages, Nevada law requires that, with certain exceptions not applicable here, "a plaintiff . . . demonstrate[s] that he or she has suffered some physical manifestation of emotional distress in order to support an award of emotional damages." *Betsinger v. D.R. Horton, Inc.*, 232 P.3d 433, 436 (Nev. 2010). Plaintiffs have not alleged any physical manifestation of emotion distress in their complaint. Accordingly, the facts alleged in the complaint are insufficient to show entitlement to emotional damages.

For punitive damages, Plaintiffs have alleged that Defendant acted willfully in their fraud claim, however, "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process," *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Assuming that Plaintiffs are entitled to the cost of parking, their damages would be around $2,000. To acquire the necessary amount in controversy, they would need a punitive damage award around $73,000, which produces a ratio of 1 to 36.5. Such an award would not be constitutional.

Therefore, if the Court disregards the damages arising from alleged emotional distress, which it must, it is clear that neither of Plaintiffs' remaining damages meet the amount-in-controversy requirement. Accordingly, the Court does not have subject-matter jurisdiction and must dismiss the claims. However, the Court cannot say that amendment would be futile. Consequently, the complaint is dismissed with leave to amend to fix this defect.

///
///
///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs have thirty days from entry of this Order to file an amended complaint.

IT IS FURTHER ORDERED that if Plaintiffs choose not to file an amended complaint the case will be dismissed.

IT IS SO ORDERED.

Dated May 20, 2020

_____
ROBERT C. JONES
United States District Judge